LCANNELLA, J.
In an automobile accident case, defendants, Melinda Dewhirst and Allstate Insurance Company (Allstate), appeal a judgment in favor of plaintiff, Harry Deimel. We affirm in part and set aside in part.
On January 17, 1997, plaintiffs vehicle, a Nissan pick-up truck, was struck by a Dodge pick-up truck driven by Kimberly Kovesdi, owned by Melinda Dewhirst and insured by Allstate. Plaintiff, a 24 year old electrician, suffered an injury to his right wrist, which was initially diagnosed as a non-displaced fracture, but later as a strain. The injury caused him to miss 3 weeks of work.
On December 29,1997, plaintiff filed suit against Melinda Dewhirst and Allstate. Kovesdi was not named in the suit. A judge trial was held on September 21, 1998. On October 7, 1998, the trial judge rendered a judgment finding plaintiff 25% at fault in the accident and defendants 75% at fault. The trial judge awarded plaintiff $2,850.18 for special damages, $5,000 for past, | apresent and future pain and suffering, $5,000 in statutory penalties and $1,000 for expert fees. All parties appealed the judgment.
*1057 On appeal, all parties assert that the trial judge erred in casting Dewhirst in judgment.
In defendants’ appeal, they contend that the trial judge erred in awarding plaintiff statutory penalties and in including the property damages in the statutory penalty award.
In plaintiffs appeal, he contends that the trial judge erred in finding him 25% at fault.
DISMISSAL OF MELINDA DE-WHIRST
Melinda Dewhirst loaned her truck to Kovesdi, her roommate. She was not the driver and Kovesdi was not on any type of mission for her. Furthermore, during trial, following the presentation of plaintiffs case, the trial judge and all parties agreed to dismiss Dewhirst. However, the judgment inadvertently failed to dismiss her. Consequently, we will set aside the judgment against Dewhirst and render judgment dismissing her from the suit with prejudice. See: La.C.C.P. art. 1672.
STATUTORY PENALTIES
Defendants contend that the trial judge erred in awarding penalties under La.R.S. 22:658 A(4) for its failure to offer to settle the property damages to plaintiffs truck, citing Theriot v.. Midland Risk Ins. Co., 694 So.2d 184 (La.1997).
La. R.S. 22:658 provides in part:
A. (1) All insurers issuing any type of contract..., shall pay the amount of any claim due any insured within [¿thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
(2) All insurers issuing any type of contract..., shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.
(4)All insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim.
Under the above, the insurer must pay the insured for any claim within 30 days after proof of loss. The insurer must also pay a third party for property damages and medical expenses within 30 days after a written agreement of settlement. Under paragraph (3), the insurer must initiate loss adjustment of these types of claims within 14 days of notification of the non-catastrophic loss. Violation of the initiation of loss adjustment provision subjects the insurer to penalties under R.S. 22:1220.
In Theriot v. Midland Risk Ins. Co., 694 So.2d 184 (La.1997) the Louisiana Supreme Court analyzed the legislative history to determine its intent in regard to a third-party’s right to penalties under La. R.S. 22:1220. In dicta, it concluded that a third-party is not entitled to penalties under R.S. 22:658 A(4). However, in a footnote at page 193, it stated that:
|KThere can be no question that the legislature was aware of the interrelationship between La. R.S. 22:658 and La. R.S. 22:1220. La. R.S. 22:658, A(3) expressly cross references and notes that penalties for its breach are available under La. R.S. 22:1220. The reach of La. R.S. 22:658. A(3) is not before us for review in this case because there is no claim that Midland failed to timely initiate loss adjustment of the property damage and medical expense claims made against its insured.
*1058 Thus, the Supreme Court expressly declined to state whether the penalty provision in R.S. 22:658 A(3) for failure to “initiate loss adjustment” is available to third-parties. We find that A(3) applies to third-party claims, whether or not pursuant to a written settlement.
In this case, Deimel was provided two estimates for his property damage repairs to Allstate on February 14, 1997, according to a letter from plaintiffs counsel to Allstate’s adjuster (in evidence). The truck was taken to Allstate’s estimator on February 25, 1997, who estimated the damage at $775.80. Allstate did not attempt to adjust the claim until July 1997, when it tendered a check for its estimate to plaintiff. Thus, it failed to “initiate loss adjustment” of the third party claim within 14 days of notification of the property damage loss. Since Allstate failed to comply with R.S. 22:658 A(3), we find that the penalty provision under R.S. 22:1220 applies and that the trial judge did not err.
Defendants also contend that the trial judge erred in awarding penalties under La.R.S. 22:658 because the penalties were not specifically pled. During the trial, a discussion was held on the record about plaintiffs bad faith claim (pg.82). Plaintiff moved to enlarge the pleadings at that time to conform to the evidence. Defendants objected and the trial judge decided to keep the matter open. The trial judge admitted the evidence contingent upon his decision. On page 94, it was agreed that defendants would be permitted to proffer evidence on lathe arbitrary and capricious issue at the end of the case. However, defendants failed to do so and the trial judge relied on the evidence, which included letters between the parties.
Under La.C.C.P. art. 1154, pleadings may be enlarged to conform to the evidence over objection, if there is no showing of prejudice. Here, defendants were unable to show prejudice. The trial judge noted that they knew bad faith would be an issue, based on the letters. The matter was discussed during trial and defendants were given an opportunity to proffer contradictory evidence. However, defendants failed to either proffer evidence or ask that the case be held open until they could obtain their evidence to rebut the allegations. Thus, we find no error in the admission of the evidence.
Defendants next assert that the trial judge erred in including the property damages in the statutory award. However, we find no evidence of that in the record. The trial judge awarded special damages in addition to penalties. Although the special damage award does not appear to include the property damages, the trial judge may have included the whole or part of the property damages. It is difficult to tell since the total is less than the figures for medical expenses, lost wages and property damages submitted by plaintiff. In addition, under R.S. 22:1220 C, plaintiff is entitled to no more that two times the damages or $5,000, whichever is greater. Using plaintiffs estimates for repair of the truck of $1,478.82, $5,000 is the greater amount.
In addition, defendants argue that the estimate for this amount was not placed into evidence and that it should have been permitted to introduce evidence of the payment of plaintiffs property claim by his insurer based on subrogation of the other insurer to the rights of plaintiff. However, the record shows that the [7estimate is quoted in the letters between the parties that were introduced. In addition, defendants failed to proffer the evidence of the payment either through testimony or documents, so there is nothing for this Court to review. Thus, we find no error in the penalty award of $5,000.
Next, defendants argue that the trial judge erred in finding Allstate arbitrary and capricious in awarding penalties for failure to pay or offer to settle the property damages. The sole evidence in this regard are the letters between plaintiffs counsel and counsel for Allstate and plaintiffs testimony. The letters show timely notice of the claim. There are no responses by Allstate.
*1059 Factual findings of the trial court will not be modified by the appellate court in the absence of manifest error. Brown v. Seimers, 98-694 (La.App. 5th Cir.1/13/99), 726 So.2d 1018, 1021. Based on the uncontradicted evidence on this issue, the trial judge was not manifestly erroneous in finding Allstate arbitrary and capricious under R.S. 22:1220 C and we affirm the award.
PLAINTIFF’S APPEAL
Plaintiff contends that the trial judge erred in finding him 25% at fault in the accident. According to plaintiff, he was in the left lane in anticipation of turning left at the next intersection when Ko-vesdi suddenly sideswiped his truck without warning. Kovesdi testified that she needed to change from the middle to the left lane so that she could also turn left at the next intersection. She stated that before she moved left, she looked in her rearview mirror, looked out of the driver’s window and concluded that she had enough room to change lanes. She stated that plaintiff sped up when she tried to enter the left lane. Kovesdi also testified that plaintiff was on a cellular phone at the time and appeared to be yelling into the phone. However, cellular phone records introduced by plaintiff |sshowed that no calls were made anytime near the time of the accident. Thus, Kovesdi’s testimony was impeached on that point. Nonetheless, in his reasons for judgment, the trial judge found plaintiff 25% at fault because of the physical location of the trucks after the accident. Based on our review of the record, we find no manifest error in this conclusion by the trial judge and affirm his finding.
Accordingly, the judgment of the trial court is hereby set aside as to the defendant. Melinda Dewhirst, who is hereby dismissed from the suit with prejudice. The judgment is affirmed as to the award of statutory penalties, liability of Allstate and the proportions of fault assigned against plaintiff and Allstate. The judgment is further affirmed in all other respects.
AFFIRMED IN PART AND SET ASIDE IN PART.